<div style="float:right; text-align:right">THIRD MUNICI-<br>PALITY OF NEW<br>ORLEANS<br>*v.*<br>HAZELBACH.</div>

EUSTIS, C. J. This is an appeal from one of the justices of the peace of New Orleans. The object of the appeal is to test the legality of an ordinance of the General Council of the city of New Orleans, laying a tax on wholesale and retail dealers and others. , Vide Digest of Ordinances, p. 86. The proceedings are so irregularly presented to us, that we do not feel ourselves at liberty to enter into the question of the legality of the ordinance.

The suit is brought against the defendant for a tax of $15, alleged to be due by him to the municipality as a tailor; but it appears, by a statement of the judge made on deciding a motion for a new trial and bearing his signature, that, on the trial, evidence was received, without objection on the part of the defendant, to show that he kept a tailor's shop, where he manufactured articles of clothing and sold them, and thus brought the party within what the judge considered as a *dealer*.

The judge rendered his judgment according to the *probata*, and not the *allegata*.

On these subjects our jurisdiction being limited to questions of law, we cannot decide this case.

The usual mode of bringing questions of law before an appellate court must be followed in all cases, and the decisions of the Supreme Court are so numerous and well settled on this point, that parties must observe them in appeals from all the courts without distinction. *Appeal dismissed*.

---

## THE SECOND MUNICIPALITY OF NEW ORLEANS *v.* SCHMIDT.

The ordinance of the General Council of New Orleans of the 3d February, 1845, imposing a tax on retail dealers, is not illegal nor unconstitutional.

The second section of the statute of 1st June, 1846, providing for the election of justices of the peace in the parish of Orleans by the qualified voters in each district into which it subdivides the parish, is not a violation of the 81st article of the constitution, which declares that justices of the peace "shall be elected by the qualified voters of each parish." The object of that article was merely to declare that the mode of selection should be by the people, instead of by the Executive and Senate.

APPEAL from a judgment rendered by *Bright*, a Justice of the Peace in New Orleans.

*Warfield*, for the plaintiffs. The statute is not inconsistent with art. 81 of the state constitution. By sect. 2 of art. 1 of the Constitution of the United States it is provided that, "the House of Representatives shall be composed of members chosen every second year by the people of the several States." Was it ever supposed that this general provision rendered illegal the election of members of Congress by districts?

*Reynolds*, for the appellant. The ordinance is inapplicable to the defendant. The justice has no jurisdiction, the act of 1st June. 1846, being in violation of the 81st article of the constitution of the State.

The judgment of the court was pronounced by

SECOND MUNI-    EUSTIS, C. J.  This is a suit to recover from the defendant a tax of $15,
CIPALITY OF   alleged to be due by him as a *retailer*, and the object of this appeal is to test the
NEW ORLEANS   legality, or constitutionality, of an ordinance of the General Council of the city
   *v.*        of New Orleans, imposing a tax on wholesale and retail dealers and others.
SCHMIDT.      *Vide* Ordinances, p. 86.  We find nothing unconstitutional or illegal in this or-
dinance, so far as relates to the tax recovered from the defendant by the judg-
ment appealed from, to which inquiry we have, of course, confined our exami-
nation.

Another question was raised in the court of the first instance, and has been
argued at bar.  It presents itself in the form of a plea to the jurisdiction of that
court, which is based on the unconstitutionality of the appointment of the judge.
Waiving all questions of form, we proceed at once to a consideration of this
point, which, in its consequences, involves the organization of the subordinate
judiciary system throughout the State.  The 81st article of the constitution
requires that justices of the peace shall be elected by the qualified voters of each
parish, for the term of two years.  Under the act of June 1st, 1846, ch. 106,
justices of the peace in New Orleans were elected by districts.  In the parish
of Jefferson they were elected by wards—*Vide* acts of 1846, ch. 108; and in
the other parishes of the State they were elected by the qualified voters in
each police-jury ward.  These wards, or districts, are subdivisions of the
parishes.

A constitution must be construed in relation to the interests, wants, and insti-
tutions of the people, upon whom it is intended to operate.  The subdivisions
of parishes, and the local jurisdiction of justices of the peace over such portions
of parishes, are nearly coeval with the organization of the State government.
The natural impediments, during certain seasons of the year, to a convenient
communication between different parts of the same parish, the extent of some
parishes, and the separation of portions of others by water-courses, necessarily
led to these subdivisions, and the establishment of local magistrates, whose ju-
risdiction was limited to certain neighborhoods or districts.  Upon a State thus
organized, and a people whose habits were thus fixed, this constitution is to ope-
rate ; and one of the first acts of organization passed by the legislature was that
in question, which authorizes these separate districts to elect their own ma-
gistrates.

We understand that the only change made by the constitution, by virtue of
this provision under consideration, to be in the mode of appointment—by the
people, instead of by the executive and senate, and that the legislature acted
according to the true intendment and meaning of the constitution, in authorizing
the election of justices of the peace as they have done.  The election by the
qualified voters of the parishes, given in their wards and districts, under the acts
quoted, according to all reasonable principles of construction, cannot be held to
be contrary to the text of the constitution, and it is certainly in accordance with
the sense of a large majority of those who framed it, as is manifested in other
parts of that instrument.                              *Judgment affirmed.*